**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ADRIAN CRUZ RUIZ,<br>Petitioner,<br>v.<br>DAVID VENTURELLA, *et al.*,<br>Respondents. | Civil Action No. 26-13177 (BRM)<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Petitioner Adrian Cruz Ruiz's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his continued detention. (ECF No. 1.) Respondents filed a response submitting that Petitioner is lawfully detained under 8 U.S.C. § 1226(a), has a criminal history, and is scheduled for a bond hearing. (ECF No. 4.)

Petitioner, a citizen of Mexico, entered the United States unlawfully in or around 2018. (ECF No. 1 at 4.) On October 6, 2026, Petitioner was arrested for assault regarding a domestic violence incident. (ECF No. 4 at 1.) Immigration and Customs Enforcement ("ICE") officials subsequently detained Petitioner on October 8, 2026. (ECF No. 1 at 13.)

On October 8, 2026, Petitioner filed the Petition arguing he was unlawfully detained under 8 U.S.C. § 1225(b). (*See generally* ECF No. 1.) Respondents filed an expedited response submitting that Petitioner has been detained since his arrest pursuant to 8 U.S.C. § 1226(a). (ECF No. 4.) Respondents submit that Petitioner is scheduled for a bond hearing on October 23, 2026. (*Id.*)

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal

court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zavias v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Petitioner is detained under Section 1226(a), which authorizes the Government to detain, conditionally parole, or release an alien subject to removal proceedings prior to the issuance of a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018); *see also Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)). "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress . . . ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 36 at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). As such, where the Government chooses to detain a non-citizen, the non-citizen may request a bond hearing before an immigration judge, and to appeal the IJ's decision to the Board of Immigration Appeals. *See, e.g., Borbot*, 906 F.3d at 278–79; *see also* 8 C.F.R. § 1236.1(d)(1) (alien detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an immigration judge). At a bond hearing under the statute, the non-citizen

bears the burden of proving that he is neither a danger to the community nor a flight risk. *Borbot*, 906 F.3d at 279.

"Immigration detainees seeking to invoke this Court's habeas jurisdiction . . . must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)). "[I]t is well settled that judicial review is precluded if the [non-citizen] has failed to avail himself of all administrative remedies." *Duvall*, 336 F.3d at 233 (quoting *Massieu v. Reno*, 91 F.3d 416, 421 (3d Cir. 1996)). A petitioner's failure to exhaust his claim before the immigration court is generally "fatal to the District Court's jurisdiction over [a] habeas petition." *Id.*

"[E]xhaustion is not required when the petitioner demonstrates that it is futile." *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring). But failure to exhaust will not be excused when it is a choice. *See Hayes v. Ortiz*, No. 20-5268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him."). Here, Petitioner filed his Petition before his bond hearing took place. Therefore, to the extent Petitioner argues that his rights are being violated by his detention under 8 U.S.C. § 1226(a), Petitioner has not exhausted his administrative remedies and the Court lacks jurisdiction over the Petition.

Accordingly, and for good cause appearing,

**IT IS** on this 26th day of October 2026,

**ORDERED** that the Petition (ECF No. 1) is **DENIED without prejudice**; and it is further

**ORDERED** the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**